George Dewey YEARY, Appellant,

v.

Florencio HINOJOSA, Appellee.

No. 13140.

Court of Civil Appeals of Texas.

Houston.

Oct. 31, 1957.

Rehearing Denied Dec. 5, 1957.

F. Warren Hicks, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Sam W. Davis, Jr., and Thomas B. Weatherly, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by the Fidelity & Casualty Company of New York, sometimes referred to herein as Insurance Carrier, against George Dewey Yeary, seeking to recover compensation benefits alleged to have been paid to Florencio Hinojosa, an employee of H. H. Null, Inc., who sustained personal injuries on or about December 20, 1952 while in the course of his employment for said employer. Plaintiff's original petition filed June 19, 1954, alleges that said Hinojosa was struck by an automobile negligently driven by the defendant, George Dewey Yeary, and that as a direct and proximate result thereof he sustained serious and permanent injuries. Then follow allegations of negligence on the part of defendant Yeary proximately causing Hinojosa's injuries. Paragraph V of said petition alleges that Hinojosa's said employer at the time of his injury was a subscriber under the Workmen's Compensation Act of the State of Texas, Vernon's Ann.Civ.St. art. 8306 et seq., and the Fidelity & Casualty Company of New York was the insurance carrier under said Act for said employer, and that by virtue of its liability as such insurance carrier the plaintiff paid to Hinojosa the sum of $4,000 as compensation and also expended the additional sum of $2,807.60 for medical expenses and the sum of $520.85 as additional reasonable and necessary expenses incurred in connection with the investigation of the case, making a total of $7,-328.45, and that the plaintiff was entitled to be subrogated to the claim of Hinojosa against said defendant, Yeary, and has been so subrogated to the extent of $7,328.-

45 of such claim against the defendant, and that plaintiff was seeking recovery against the defendant in such sum together with reasonable attorney's fees in the sum of $2,500. In the prayer, plaintiff prayed that upon final trial of the case it have and recover of and from the defendant the sum of $9,828.45, costs and general relief.

On June 3, 1955, there was filed a first amended original petition by the lawyers representing the insurance carrier, in which it is alleged that Florencio Hinojosa (referred to as plaintiff) files his first amended original petition in lieu of the original petition filed in such cause on June 19, 1954. Substantially the same allegations are set out in the amended petition as in the original petition. Paragraph V of the amended petition is similar to paragraph V of the original petition, and the subrogation rights of the said Fidelity & Casualty Company of New York are set out therein as in the original petition. In the prayer, the plaintiff (Hinojosa) prays that he have and recover from the defendant the sum of $9,828.45, and costs and general relief. It will be noted that the amount prayed for in the amended petition is exactly the same as the amount claimed by the insurance carrier to be due it under its subrogation rights. In such amended petition Hinojosa alleges "that your plaintiff is seeking recovery also on behalf of said The Fidelity and Casualty Company of New York against said defendant in the sum of $7,328.45 together with a reasonable attorney's fee which plaintiff says should be and is $2,500.00."

On April 3, 1956, a motion was filed by Landis, Gregory & Blain, as attorneys for Hinojosa, praying the court to permit an amendment to said first amended original petition eliminating paragraph V thereof in its entirety, and substituting therefor the allegations contained in their suggested new paragraph V as to the earning capacity of Hinojosa, and increasing the amount of damages sued for from $9,828.45 to $27,807.60. On May 7, 1956, the court granted plaintiff leave to amend as prayed for. It

seems that on April 3, 1956, said Landis, Gregory & Blain filed a motion praying that their names be added as attorneys of record for the plaintiff. This motion was granted and said attorneys became additional attorneys of record for the plaintiff on April 12, 1956.

Thereafter, on June 26, 1956, the defendant filed his first amended original answer in which he specially excepted to the order of the court permitting the filing of said amendment eliminating paragraph V of plaintiff's first amended original petition and substituting therefor the new paragraph V of the so-called plea in intervention, contending that whatever cause of action the original plaintiff, the Fidelity & Casualty Company of New York, may have had by virtue of its having paid workmen's compensation insurance to Hinojosa, the same was abandoned by the elimination of paragraph V of the amended petition and the substitution therefor of the new paragraph V, so that any cause of action that the insurance carrier may have ever had was barred by the two-year statute of limitations, Vernon's Ann.Civ.St. art. 5526. The defendant also excepted to the cause of action that was being asserted by Hinojosa on the ground that it was barred by the two-year statute of limitations, since the accident made the basis of the suit occurred December 20, 1952, and the so-called plea in intervention was not filed until April 9, 1956.

The judge who heard the exceptions overruled defendant's exception as to the insurance company, but sustained the exception as to the cause of action of Hinojosa on the ground that the same was barred by the two-year statute of limitations.

Plaintiff's motion in limine moving the court to instruct defendant's counsel not to mention nor indicate in any way before the jury that the damages sued for would belong to Fidelity & Casualty Company of New York and that this suit was a subrogation or recoupment suit, was overruled

and denied by the court below, and the case proceeded to trial. On the jury's verdict, the court rendered judgment that the plaintiff, Florencio Hinojosa, individually and as trustee, have and recover of and from the defendant, George Dewey Yeary, the sum of $7,445 and court costs.

The defendant, whose motions for peremptory instruction made at the conclusion of plaintiff's evidence, and also at the conclusion of the evidence in the case, and whose motion for judgment non obstante veredicto, and amended motion for new trial, were all overruled by the court, duly perfected his appeal and the case is now before this Court for review.

Appellant has assigned 18 points of error, a number of them being repetitious or duplicative. These points are not separately briefed nor are they grouped in any manner. The substance of appellant's contention is that the suit originally filed was a subrogation suit to recover compensation insurance paid to Hinojosa, together with medical expenses and investigation expenses in connection with the claim growing out of personal injuries sustained by said employee of H. H. Null, Inc., while in the performance of his duties for said employer. Appellant contends that appellee failed to prove facts essential to any recovery in that there was no evidence that Hinojosa's employer was a subscriber under the Workmen's Compensation Act of Texas or that the Fidelity & Casualty Company of New York was the insurance carrier of said employer under such Act, nor was there any evidence that said insurance company paid said employee any compensation or expended any definite amounts as medical and investigation expenses, or that it was entitled to be subrogated to any part of Hinojosa's claim.

The appellant further contends that the trial court erred in overruling defendant's motion for judgment non obstante veredicto because the plaintiff must recover, if at all, in the right in which it sues, and that the insurance company failed to produce

any evidence entitling it to judgment, especially because any suit Hinojosa may have had was barred by the two-year statute of limitations at the time the first amended original petition was filed, in which petition the name of the plaintiff was changed from the insurance company to Hinojosa, who then sued for himself and also on behalf of the insurance company, alleging the company's subrogation rights; that the court erred in overruling defendant's motion for peremptory instruction for the same reasons, and erred in entering judgment in favor of Hinojosa, individually and as trustee, because the plaintiff did not sue as trustee, and any individual action he may have had was barred by limitation. Appellant contends that the judgment should be reversed and rendered because the insurance company failed to show it was entitled to receive anything, and there was no other person or company on whose behalf Hinojosa would be entitled to recover as trustee, so that there was no basis for a recovery by Hinojosa, individually and as trustee, against the defendant. Defendant further contends that it was not shown what amount was awarded to Hinojosa individually and what amount was awarded to him as trustee, and that there is nothing to show for whom Hinojosa was trustee. It was further contended that the judgment did not dispose of the Fidelity & Casualty Company of New York.

We shall not attempt to discuss separately the 18 points upon which the appeal is predicated in view of the fact that they have not been briefed separately or grouped, but we shall discuss the matters raised by such points and also the counter-points in the brief of appellee.

The first and most important question arising is whether the cause of action of Hinojosa was barred by the two-year statute of limitations, as found by the district judge in passing on the exceptions to the petition some time prior to the case going to trial on its merits.

■ The exception of the defendant in his first amended original answer claiming that the cause of action of Hinojosa was barred by the two-year statute of limitations was, in fact, leveled at the cause of action asserted in the so-called plea in intervention filed on April 9, 1956, and it was this exception that was sustained by the district judge who held that the cause of action was barred. On pages 54 and 55 of his brief, appellant states that at the hearing on the exceptions directed to the amended pleading and plea in intervention, the attorney for the insurance carrier pointed out that he did not represent Hinojosa individually but that he represented the insurance carrier and was still relying upon the cause of action set out in the first amended original petition which contained paragraph V alleging the insurance carrier's subrogated rights. There is nothing of record to show that the insurance carrier's counsel agreed to the elimination of paragraph V of the first amended original petition in which Hinojosa was made plaintiff. Counsel for appellant has conceded that the cause of action went to trial on plaintiff's first amended original petition filed in the name of Hinojosa, and the case was tried on the theory that paragraph V remained therein. Since the case was tried on that theory, had paragraph V been eliminated from the amended pleading, no claim at this time could be asserted to such effect. Rule 67, Texas Rules of Civil Procedure.

■ Although defendant's exception was leveled at the so-called plea in intervention which went out of the case, yet it would seem that the judge who presided at the trial on the merits of the case in entering judgment for Hinojosa individually and as trustee disregarded or impliedly overruled the ruling previously made to the effect that Hinojosa's cause of action was barred by limitation. This Court will indulge the presumption in favor of the regularity and validity of the trial court's action in this regard. Texas Law of Evidence, McCormick and Ray, Sec. 98.

■ Plaintiff's first amended original petition was filed June 3, 1955, more than two years after Hinojosa sustained his injury and perhaps more than two years after the insurance carrier paid or assumed to pay compensation insurance to Hinojosa. The law seems to be well settled that in cases brought under Article 8307, sec. 6a, Vernon's Ann.Texas Civil Statutes, limitation begins to run as against both the association and the employee from the date the insurance carrier pays or assumes the payment of compensation insurance to the injured employee. Texas Employers' Insurance Association v. Texas & P. Ry. Co., Tex.Civ.App., 129 S.W.2d 746, writ dismissed, judgment correct; Fidelity Union Casualty Company v. Texas Power & Light Co., Tex.Civ.App., 35 S.W.2d 782, writ refused; Standard Oil Company of Texas v. Swinney, 5 Cir., 201 F.2d 133; Buss v. Robison, Tex.Civ.App., 255 S.W.2d 339, error refused. There is nothing whatever in the record to show when the insurance carrier in this case paid or assumed the payment of compensation insurance to Hinojosa. It is our opinion, however, that regardless of whether the first amended original petition was filed more than two years after the insurance carrier had paid or assumed to pay compensation to Hinojosa, the cause of action asserted in the first amended original petition, as a matter of law, was not barred since it did not change the cause of action asserted in the original petition which was timely filed.

Article 8307, sec. 6a, reads as follows:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled

to compensation under this law. If compensation be claimed under this law by the injured employe or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employe in so far as may be necessary and may enforce in the name of the injured employe or of his legal beneficiaries or in its own name *and for the joint use and benefit of said employe or beneficiaries and the association the liability of said other person*, and in case the association recovers a sum greater than that paid or assumed by the association to the employe or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employe or his beneficiaries. * * * " (Emphasis ours.)

■ Under this Article the cause of action against the negligent third party is a suit to recover damages growing out of personal injuries sustained by the employee, and such suit is for the joint use and benefit of the injured employee and also the insurance carrier to the extent of its subrogation rights. There is but one cause of action in effect owned jointly by the injured employee and the insurance carrier. As stated in Standard Oil Co. of Texas v. Swinney, 5 Cir., 201 F.2d 133, 135, "Though the compensation carrier may recover the amount to which it is subrogated, and the employee may recover the damages in excess of the compensation paid to him, it nevertheless remains true that 'there is but one cause of action against the third party tort-feasor', Fort Worth Lloyds v. Haygood, [151 Tex. 149], 246 S.W.2d 865, 868; Texas Employers' Insurance Ass'n v. Texas & P. Ry. Co., Tex. Civ.App., 129 S.W.2d 746 [writ dismissed, judgment correct]. That entire cause of action the employee attempted to assert

in this case, and without objection until after the verdict was returned. The intervenor then merely asserted a right to a part of the claim originally asserted by the original plaintiff, and hence the statute of limitations was tolled by the filing of the original suit. Foote v. O'Roork, 59 Tex. 215." See also Hartford Accident & Indemnity Co. v. Weeks Drug Store, Tex. Civ.App., 161 S.W.2d 153, error refused, w. o. m; American Indemnity Co. v. Hidalgo County, Tex.Civ.App., 146 S.W.2d 1076, writ refused.

Prior to the enactment of Article 5539b in 1931, although there were apparently two lines of decisions, many courts had already established a tolerant attitude toward amendments consisting of changes made to correct a misnomer or a misdescription of a party. We quote from McDonald's Texas Civil Practice, Vol. 2, pages 753, 754, as follows:

" * * * The statute of 1931 has no reference to such amendments, but liberalization was not needed, since the courts had already established a tolerant attitude toward such changes. Examples of the liberal rules include the following amendments, all of which are allowed: correction of a misnomer of the plaintiff; correction of a description of the business organization of the plaintiff; substitution of plaintiff suing in a representative capacity for plaintiff suing as individual, and, conversely, substitution of the real party in interest for one suing as his representative, or for a nominal or pro forma party; and substitution of the individual partners as plaintiffs in an action brought in the partnership's firm name. The claim remains the same in all of these instances, and the filing of the original petition tolls limitations."

In the case of Jeffress v. Western Union Telegraph Co., Tex.Civ.App., 187 S.W 514, 515, writ refused, the plaintiff Jeffress asserted an exclusive right in himself as upon

a sole or several contract between himself and the defendant, and claimed a sole and exclusive right for recovery of all monies alleged to have been paid out and all expenses incurred and to all the damages resulting from the breach of said contract. In the amended petition the cause of action set up was upon a joint contract asserting different rights from those set up in the original petition of Jeffress in that such amended pleading set up a right in Jeffress and Isaacs under a joint contract between them and the defendant to damages for the breach of said contract and for monies paid and expenses jointly incurred. The court held, "The making of Isaacs a party plaintiff by the amended petition was not such change in the suit as to constitute a new cause of action." The court cited Baker v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 184 S.W. 257; Roberson v. McIlhenny, 59 Tex. 615; Garrett v. Muller & Co., 37 Tex. 589.

In Foote v. O'Roork, 59 Tex. 215, the plaintiffs brought suit on a note on March 31, 1870, before the note was barred, but the intervenors came into the suit after the expiration of four years from March 31, 1870. The court held that the suit brought by the plaintiffs would inure to the intervenors and the claim of the intervenors was not barred.

Article 5539b, enacted in 1931, provides as follows:

"Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Pro-

vided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

As stated by McDonald in Texas Civil Practice, Vol. 2, page 751:

"The sound decisions, however, emphasize the remedial nature of the statute and apply it according to its spirit as well as its letter. These cases indicate that, regardless of differences in the traditional concepts of 'cause of action,' no amendment or supplement should be barred when the claim it asserts is grounded upon the same aggregation of events which supported the original pleading, provided such claim was not barred by limitations on the date the suit was filed."

In the case at bar, the cause of action asserted in plaintiff's original petition brought in the name of the insurance carrier against the negligent third party is the same cause of action asserted against the negligent third party in plaintiff's first amended original petition in which Hinojosa is substituted as plaintiff for the insurance carrier. The claim for recoupment of compensation is a derivative cause of action, under Article 8307, sec. 6a, depending upon a recovery by the injured employee of damages growing out of personal injuries sustained as a result of the act or omission of a third party. In both the original petition and the first amended original petition the personal injury suit of Hinojosa against the negligent third party was asserted. It matters not whether it was asserted originally by the insurance carrier in its name or in the name of the injured employee. It is true that the damages prayed for in both the original petition and the amended petition were in an amount apparently equal to the compensation and expenses allegedly paid by the insurance carrier, plus $2,500 attorney's fees. In the event the jury had brought

in a verdict in the amount prayed for and the insurance carrier had failed to establish it was entitled to the entire amount, under Article 8307, sec. 6a, the excess would have gone to Hinojosa, the plaintiff in the amended pleading.

■ There is no assignment of error with reference to the personal injury suit, and we must assume it was well and fairly tried. Precisely the same evidence would have been admissible and the same issues submitted had the case gone to trial on the original petition instead of the amended petition. Of course, the amount of the recovery in the personal injury suit was limited to the amount prayed for in the amended petition, regardless of the subrogation claim.

Our Supreme Court, in the case of Hallaway v. Thompson, Trustee, 148 Tex. 471, 226 S.W.2d 816, 820, held that where the plaintiff sued Guy A. Thompson, Trustee for the St. Louis, Brownsville & Mexico Railway Company, to recover damages for personal injuries sustained by him, alleging he was an employee of such defendant, and later after the expiration of the two-year limitation period, amended his petition to sue Thompson as trustee for the San Antonio, Uvalde & Gulf Railroad Company, the latter cause of action was not barred. The Supreme Court decided the case in the light of Article 5539b, V.A.T.S., relating to amended pleadings. The Court stated:

"In Harrison Machine Works v. Reigor, 64 Tex. 89, 90, this court said: 'The purpose of statutes of limitation is "to compel the settlement of claims within a reasonable period after their origin, and while the evidence upon which their enforcement or resistance rests is yet fresh in the minds of the parties or their witnesses." Wood on Lim., § 5.' "

The court further stated:

"In Hanley v. Oil Capital Broadcasting Ass'n, 141 Tex. 243, 245, 171 S.W. 2d 864, 865, the purpose of limitation statutes was stated as follows: 'Our decisions seem uniformly to recognize that, although it does so result in some cases, it was never the purpose of the act to permit debtors to escape their obligations. Rather, the evil it sought to remedy "was to prevent demands originally invalid or which had been discharged from being enforced after such a lapse of time as would probably make it impossible for defendants to procure the evidence by which a just defense could be established." ' "

By analogy to language used in Hallaway v. Thompson, supra, it may be observed here that the defendant Yeary at the time the original petition was filed was then notified of the nature of the plaintiff's claim and the occurrence or transaction out of which it arose. He and his counsel, who has represented him throughout this litigation both under the original and the amended petitions, were given timely opportunity to interview witnesses and to obtain such evidence as they deemed favorable to defend the suit.

When the original petition was filed the defendant was put upon notice that the suit was brought under Article 8307, sec. 6a of the Revised Civil Statutes of Texas, which permitted the insurance carrier to prosecute such suit in its own name or in the name of the injured employee Hinojosa, and that in either event the suit was for the purpose of enforcing the liability of the defendant Yeary, and that in either event under such article which cannot be read out of the picture, the suit was for the joint use and benefit of both the injured employee and the insurance carrier.

■ It is true, as appellant contends, the injured employee doesn't have to file a suit against the third party unless he wants to do so, but it is also true that if he does file suit or if the insurance carrier files suit in his name or in its name, the suit is for the joint use and benefit of both, so that the one not expressly made a party to such suit may be made a party later on or may

intervene in the cause of action after the two-year period, since the timely filing of the original petition tolls the statute of limitations. Surely, it cannot be said in the case at bar that under Article 5539b the amended petition changed any of the grounds of liability or of defense of Yeary or that it is *wholly based upon or grows out of a new, distinct transaction or occurrence.*

■ Under other points, appellant contends that the insurance carrier failed to prove facts essential to a recovery under its alleged subrogation rights in that it failed to prove Hinojosa's employer was a subscriber under the Workmen's Compensation Act of Texas, and that it was the insurance carrier of said employer, and also failed to show the amounts it paid as compensation and expenses. This contention is true. It is based evidently upon the theory that Hinojosa's cause of action was barred by limitation. Since Hinojosa's cause of action was not barred by limitation, it became immaterial insofar as the appellant is concerned whether such proof was made or not. In the event there was any disagreement between Hinojosa and the insurance carrier, such proof may have been quite material in connection with their respective claims. It has been shown, however, that there is no disagreement between Hinojosa and the insurance carrier, and indeed counsel for the insurance carrier and the additional counsel for Hinojosa, Landis, Gregory & Blain, have advised this Court in oral argument that there is no disagreement between them as to the disposition of the money recovered in the damage suit against Yeary. It is no concern of the negligent defendant how the money recovered may be divided between Hinojosa and the insurance carrier. Under the facts of the case at bar, the matter of subrogation was not for the jury, nor was it necessary to have a finding thereon by the court since Hinojosa and the insurance carrier are in agreement. Foster v. Langston, Tex.Civ.App., 170 S.W.2d 250, no writ history; Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811; Johnson v. Willoughby,

Tex.Civ.App., 183 S.W.2d 201, writ refused; Tidy Didy Wash v. Barnett, Tex.Civ.App., 246 S.W.2d 303, writ refused, n. r. e. We, therefore, overrule appellant's points of error raising this issue.

■ Appellant has also strenuously contended that plaintiff must recover, if at all, in the right in which he sues and upon the facts stated in his pleadings as the basis of that right, and cannot recover on a right different from that asserted, it matters not what the prayer may be. Milliken v. Smoot, 64 Tex. 171. Appellant has cited many cases on this point. We do not disagree with the holdings in the cases cited by appellant to the effect that the plaintiff must recover upon the cause of action pleaded by him. Were Hinojosa's cause of action barred by limitation, as asserted by appellant, there might be some ground for his contention that the plaintiff did not recover in the right in which he sued and on the cause of action which he filed, in view of the fact that the trial court entered judgment for Hinojosa individually and as trustee against the defendant Yeary. However, under our holding that Hinojosa's claim was not barred by limitation, it was proper for him to prosecute the cause of action for himself and on behalf of the insurance carrier, and it was also proper for the court to enter judgment that Hinojosa recover individually and as trustee. There can be no question that he was trustee for the insurance carrier and, indeed, appellant has admitted in his brief that there was no other one for whom he could be trustee. In his amended petition, Hinojosa alleged succinctly that he was seeking recovery also on behalf of the said Fidelity & Casualty Company of New York.

The discussion hereinabove in effect disposes of all of the points upon which the appeal is predicated, and the same are all overruled.

Judgment for the plaintiff is affirmed.

WOODRUFF, J., not sitting.