CV4-339 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00339-CV







Charlie Franks and Industrial Indemnity Insurance Company, Appellants




v.




Sematech, Inc., f/d/b/a Semi Conductor Manufacturing Technology Initiative,


and Burle Industries, Inc., Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 93-00396, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 This case arises under the Texas Workers' Compensation Act and involves an injured
employee's third-party liability cause of action and an insurance carrier's derivative claim of subrogation. 
See Texas Workers' Compensation Act, Tex. Lab. Code Ann. § 417.001(b) (West 1995). Appellant
Industrial Indemnity Insurance Company ("Industrial Indemnity") appeals from a summary judgment
granted in favor of appellees Sematech, Inc. and Burle Industries, Inc. Additionally, appellant Charlie
Franks appeals from the trial court's order dismissing his plea in intervention as barred by the two-year
statute of limitations. We will affirm the trial court's order dismissing Franks's plea in intervention and
will affirm the trial court's summary judgment.


BACKGROUND


 On January 22, 1991, Franks was injured when a gate on Sematech's premises
allegedly closed on him while he was acting within the course and scope of his employment. Daw
Technologies, Franks's employer, had a workers' compensation policy with Industrial Indemnity to
cover employees injured in the scope of their employment. Industrial Indemnity apparently paid
workers' compensation benefits to Franks as a result of his injuries. 

 On January 13, 1993, Industrial Indemnity filed this action in its own name pursuant to
a former third-party liability provision of the Workers' Compensation Act. (1) See Act of Mar. 28, 1917,
35th Leg., R.S., ch. 103, Part II, § 6a, 1917 Tex. Gen. Laws 269, 285, amended by Act of May 10,
1973, 63d Leg., R.S., ch. 88, § 10, 1973 Tex. Gen. Laws 187, 193 (Tex. Lab. Code Ann.
§ 417.001(b), since amended) (hereinafter "former art. 8307, § 6a"). Characterizing its suit as a "third-party subrogation lawsuit," Industrial Indemnity sought to enforce, under its subrogation rights,
appellees' liability to Franks for a portion of the potential amount of damages recoverable by Franks
against appellees--those damages equaling the compensation Franks received from Industrial
Indemnity, at least $53,000, plus future sums expended on Franks as well as attorney's fees. Although
the lawsuit was filed in Industrial Indemnity's name, the pleadings described negligence, strict products
liability, and Deceptive Trade Practices Act ("DTPA") claims that Franks allegedly had against
appellees. On January 27, 1994, Franks filed a plea in intervention specifically adopting the factual
allegations in Industrial Indemnity's original petition and asserting a cause of action for negligence against
appellees, seeking damages for his physical pain, mental suffering, and lifetime impairment of both his
ability to work and his physical activities in general.

 On February 10, 1994, each appellee filed a motion to strike Franks's plea in
intervention based on the expiration of the two-year statute of limitations. The trial court dismissed
Franks's plea on that ground. Subsequently, each appellee filed a motion for summary judgment stating
that Industrial Indemnity's subrogation claims were derivative of Franks's claims, and since Franks's
claims were barred by the statute of limitations, Franks had no rights to which Industrial Indemnity
could be subrogated. (2) The trial court granted appellees' motions for summary judgment on May 12,
1994. Franks appeals from the trial-court order dismissing his plea in intervention; Industrial Indemnity
appeals from the summary judgment.



DISCUSSION



 By two points of error, Franks contends that the trial court erred in dismissing his plea
in intervention. We review a trial court action in striking a petition in intervention under an abuse of
discretion standard. Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657-58 (Tex. 1990); National Union Fire Ins. Co. v. Pennzoil Co., 866 S.W.2d 248, 251 (Tex.
App.--Corpus Christi 1993, no writ). A trial court may strike a plea in intervention "for sufficient
cause on the motion of any party." Tex. R. Civ. P. 60. In the instant cause, appellees filed motions
requesting the trial court to strike Franks's plea in intervention because it was barred by the statute of
limitations; the trial court dismissed Franks's plea on that express ground. Franks's first point of error
asserts that the trial court erroneously dismissed his plea because the causes of action it sets forth relate
back to Industrial Indemnity's timely filed lawsuit. Franks's point of error necessitates an overview of
third-party liability claims authorized under the Workers' Compensation Act. See Tex. Lab. Code
Ann. § 417.001 (West 1995). (3)


  

Third-Party Liability Claims


 Under the Workers' Compensation Act "[t]here is but one cause of action against the third
party tortfeasor--that of the employee, who owns it burdened by the right of the insurance carrier to
recoup itself for compensation paid." Guillot v. Hix, 838 S.W.2d 230, 232 (Tex. 1992); see Fort Worth
Lloyds v. Haygood, 246 S.W.2d 865, 869 (Tex. 1952); Independent E. Torpedo Co. v. Herrington,
95 S.W.2d 377, 379 (Tex. 1936). In other words, the right to recover for injuries negligently inflicted by
a third party is a right belonging to the injured employee, Herrington, 95 S.W.2d at 379, who may bring
a cause of action asserting his or her right to recovery against a third-party tortfeasor, see Tex. Lab. Code
Ann. § 417.001(a).

 Under the Workers' Compensation Act, an insurance carrier may also enforce the liability
of a third party to an injured employee by asserting the injured employee's cause of a action in the name
of the injured employee or legal beneficiary. Id. § 417.001(b). (4) An insurance carrier obtains this right
through the doctrine of subrogation when its insured, the injured employee, claims compensation benefits. 
Id. The insurer is subrogated to the employee's right of recovery only for the amount of compensation it
pays the injured employee. See id. § 417.001(b)(2). If an insurer sues to enforce the liability of the third-party tortfeasor and recovers an amount greater than that paid or assumed to the injured employee, it must
pay the excess amount to the employee. Id. An insurance carrier's subrogation rights under the Workers'
Compensation Act are entirely derivative of the employee's right of recovery. See Guillot, 838 S.W.2d
at 232. 


 

Franks's Relation-Back Claim


 In the instant cause, appellees argue that Industrial Indemnity only asserted its derivative
subrogation cause of action, not the third-party liability cause of action which Franks untimely pleaded. 
However, Franks maintains that even though Industrial Indemnity filed the action in its own name, it
asserted not only its own derivative cause of action, but also the third-party liability cause of action that he
later alleged in his plea in intervention. Franks argues that his plea relates back to the third-party liability
cause of action Industrial Indemnity asserted in its timely filed original petition, thereby avoiding the bar of
limitations. Assuming without deciding that Franks's plea will relate back to Industrial Indemnity's original
petition if both pleadings assert the same cause of action, (5) we must determine whether Industrial Indemnity
and Franks did in fact plead the same cause of action--in other words, whether Industrial Indemnity's
original petition asserts Franks's third-party cause of action in addition to its own derivative subrogation
cause of action.

 Under Labor Code section 417.001(b), an insurance carrier clearly asserts the employee's
third-party liability cause of action when it files an action in the injured employee's name. Tex. Lab. Code
Ann. § 417.001(b). Under the former third-party liability provision of the Workers' Compensation Act,
the insurance carrier could also assert the employee's third-party liability cause of action, in addition to
pleading its own subrogation cause of action, even when it filed the action in its own name. Former art.
8307, § 6a; (6) see Yeary v. Hinojosa, 307 S.W.2d 325, 332 (Tex. Civ. App.--Houston 1957, writ ref'd
n.r.e.).

 In Yeary, the workers' compensation carrier filed in its own name a petition alleging the
third party's negligence to the injured employee and the carrier's subrogation rights to the extent of the
compensation it had paid the employee. 307 S.W.2d at 330. After the two-year limitations period had
passed, the insurance carrier amended its original petition, substituting the employee's name for its own. 
Id. at 328. The amended petition prayed that the employee recover from the third party the same amount
claimed by the insurance carrier in the original petition. Id. Presented with the issue of whether the
employee's cause of action was barred by the two-year statute of limitations, the Yeary court held that the
cause of action later asserted in the employee's name in the amended petition was not barred by the two-year statute of limitations because the pleading did not alter or amend the cause of action asserted in the
insurance carrier's name in the timely filed original petition. Id. at 330. Both petitions asserted the
employee's personal injury suit against the negligent third party regardless of whether the cause of action
"was asserted originally by the insurance carrier in its name or in the name of the injured employee." Id.
at 332. The suit as originally pleaded and as amended was filed "for the joint use and benefit of both" the
insurance carrier and the employee. Id. at 333. Although the insurance carrier's petition also asserted a
claim for recoupment of compensation, this claim was merely a derivative cause of action, contingent on
the employee's right to recovery for the alleged negligence. Id. at 332.

 We are not persuaded by Franks's argument, relying upon Yeary, that Labor Code section
417.001(b) authorizes an insurance carrier to assert an injured employee's third-party liability cause of
action even when the insurance carrier files the cause of action in its own name. Yeary is of doubtful
authority insofar as it expressly relies on a former statute no longer in effect. Moreover, even under former
article 8307, section 6a, an insurance carrier filing a third-party liability cause of action in its own name did
so "for the joint use and benefit" of the injured employee. Former art. 8307, § 6a; see Lancaster v.
Hunter, 217 S.W. 765, 768 (Tex. Civ. App.--Fort Worth 1919, no writ). We thus conclude that even
if Labor Code section 417.001(b) continues to authorize an insurance carrier to file an employee's third-party liability cause of action in its own name, the carrier's suit must be filed for the joint use and benefit of
the employee.

 Industrial Indemnity did not file the action in its own name for the joint use and benefit of
Franks. In its answers to interrogatories propounded by Franks, Industrial Indemnity specifically stated
that Franks was neither a party to the action nor represented by Industrial Indemnity's counsel. In addition,
the damages Industrial Indemnity sought did not include all that Franks could potentially recover but only
Industrial Indemnity's subrogation interest. (7)

 We conclude that Industrial Indemnity's original petition did not allege Franks's third-party
liability cause of action but only its own subrogation cause of action to allow recovery in the event
appellees' liability to Franks was otherwise established. Because the causes of action asserted in Industrial
Indemnity's original petition and Franks's plea in intervention are not the same causes of action, Franks's
plea cannot relate back to Industrial Indemnity's original petition. The trial court did not abuse its discretion
by dismissing Franks's plea as barred by the statute of limitations. We overrule Franks's first point of error.

 Franks argues in his second point of error that because appellees challenged Industrial
Indemnity's capacity to sue or recover, either on its own or Franks's behalf, without pleading a defect of
parties pursuant to Rule 93 of the Texas Rules of Civil Procedure, (8) the trial court erred in dismissing his
plea. Appellees respond that Franks has no standing to assert his complaint on appeal and that the
dismissal of Franks's plea in intervention was based on the statute of limitations, not a pleading defect.

 We agree with appellees that Franks has no standing to complain that appellees did not
deny under oath Industrial Indemnity's capacity to sue in its own name. Sematech contested Industrial
Indemnity's capacity to sue in its motion for summary judgment against Industrial Indemnity. The dismissal
of Franks's plea in intervention was expressly based upon the statute of limitations; Franks acknowledges
that Sematech did not contest Industrial Indemnity's capacity to sue until after the dismissal of his plea. 
Franks suffered no injury from Sematech's challenge to Industrial Indemnity's capacity to sue after the
dismissal of his plea. See Dresser Indus., Inc. v. Snell, 847 S.W.2d 367, 376 (Tex. App.--El Paso
1993, no writ) (holding person has standing to sue if, among other factors, he can show he sustained some
direct injury resulting from wrongful act). We overrule Franks's second point of error.

 Furthermore, Industrial Indemnity cannot complain, as it does in its third point of error, that
appellees did not verify their pleadings contesting its capacity to sue. Industrial Indemnity did not raise the
nonverified pleading issue in its written response to appellees' motions for summary judgment and has thus
failed to preserve its complaint for appeal. See Towne Square Assocs. v. Angelina County Appraisal
Dist., 709 S.W.2d 776, 777 (Tex. App.--Beaumont 1986, no writ). We overrule Industrial Indemnity's
third point of error. (9)


 

Industrial Indemnity's Claims


 Industrial Indemnity's claims are based on the trial court's grant of appellees' motions for
summary judgment. When, as in the instant case, the order granting summary judgment does not specify
the basis or theory upon which it is granted, the summary judgment must be affirmed on any meritorious
theory of recovery presented in the motion. Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex.
1989).

 In its first and second points of error, Industrial Indemnity argues that the trial court erred
in granting appellees' motions for summary judgment because Industrial Indemnity timely filed its
subrogation suit within the two-year limitations period, and its suit should not be affected by the dismissal
of Franks's plea in intervention as barred by the statute of limitations. We agree that Industrial Indemnity
timely filed its subrogation lawsuit. However, Industrial Indemnity's statutory subrogation claim is derivative
of Franks's third-party liability cause of action. (10) See Guillot, 838 S.W.2d at 232. Upon the dismissal
of Franks's plea in intervention asserting his third-party liability cause of action against appellees, and in the
absence of a third-party liability cause of action asserted by Industrial Indemnity, Franks's rights against
appellees, to which Industrial Indemnity would be subrogated, could not be established. As such, Industrial
Indemnity's derivative subrogation cause of action became moot. (11) See Phennel v. Roach, 789 S.W.2d
612, 615 (Tex. App.--Dallas 1990, writ denied) (affirming trial-court order disposing of injured
employee's pleadings for third-party liability claim as well as workers' compensation carrier's subrogation
claim in intervention because once injured employee's pleadings for liability claim were struck as a
discovery sanction, carrier's derivative subrogation claim was also defeated); Texas Employers' Ins. Ass'n
v. Soliz, 288 S.W.2d 165, 167 (Tex. Civ. App.--San Antonio 1956, writ ref'd n.r.e.) (stating that when
limitations barred injured employee's third-party cause of action, there was nothing to which insurance
carrier could be subrogated); cf. Macarangal v. Andrews, 838 S.W.2d 632, 635-36 (Tex. App.--Dallas
1992, orig. proceeding) (determining workers' compensation carrier's subrogation claim in intervention
existed even though injured employee's third-party cause of action had been dismissed for want of
prosecution but distinguishing Phennel on basis that trial-court judgment dismissing employee's third-party
cause of action was interlocutory, did not expressly dispose of carrier's subrogation claim, and allowed
reinstatement of employee's claims). A workers' compensation carrier can bring its own subrogation action
without joining the injured employee, but recovery under the subrogation action is possible only if the right
of the injured employee to recover from the third-party can be established. If the employee does not file
a third-party suit to determine liability or is barred from filing such a suit, the employee's right to recover
from the third-party can be determined only if the insurance carrier itself asserts the employee's third-party
liability cause of action in addition to its subrogation claim. See Tex. Lab. Code Ann. § 417.001(b).

 In the instant cause, Industrial Indemnity acknowledges that its cause of action against
appellees is one for subrogation. Yet, the statute of limitations bars enforcement of appellees' liability to
Franks. Industrial Indemnity cannot recover under its derivative subrogation cause of action when Franks's
recovery rights against appellees cannot be established. Appellees' summary judgment evidence thus
conclusively negates the possibility that Industrial Indemnity can recover under its subrogation cause of
action. As such, the trial court properly granted summary judgment for appellees. We overrule Industrial
Indemnity's first and second points of error.


 

CONCLUSION 


 Having overruled Franks's two points of error, we conclude that the trial court did not
abuse its discretion in dismissing Franks's plea in intervention, and we affirm the trial court's order
dismissing Franks's plea in intervention. Having overruled Industrial Indemnity's three points of error, we
affirm the trial court's summary judgment.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish Released for publication January 27, 1997. Tex. R. App. P. 90(h). 

1.   Industrial Indemnity later amended its petition and asserted its subrogation action
pursuant to the codified statute. See Tex. Lab. Code Ann. § 417.001(b). 
2.   Sematech additionally contested the standing of Industrial Indemnity to bring the lawsuit. 
Both appellees requested in the alternative that partial summary judgment be granted in their
favor because Industrial Indemnity could not establish its consumer status nor its insured's
consumer status as required under the DTPA. 
3.   Because the Labor Code codification does not substantively change the applicable
Workers' Compensation statutes existing before September 1, 1993, but after the 1973
amendments, we cite the current Code for sake of convenience. See Act of May 12, 1993, 73d
Leg., ch. 269, § 6, 1993 Tex. Gen. Laws 987, 1273. 
4.   The exact provision of the Workers' Compensation Act applicable at the time of the
hearing on Franks's plea in intervention provided:


If compensation is claimed under this Act by the injured employee or the
employee's legal beneficiaries, the insurance carrier is subrogated to the rights
of the injured employee and may enforce in the name of the injured employee or
the legal beneficiaries the liability of that other person. 


Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1, § 4.05(b), 1989 Tex. Gen. Laws 1, 33 (Tex. Lab.
Code Ann. § 417.001(b), since amended) (emphasis added).
5.   Franks also argues that his plea should relate back because Industrial Indemnity's
original petition involved a plaintiff misnomer. We disagree. Industrial Indemnity
acknowledges that it did not represent Franks, nor did it seek to recover any damages
ultimately recoverable by Franks.
6.   Former art. 8307, § 6a provided: 


[I]f compensation be claimed under this Act by the injured employee or his legal
beneficiaries, then the association shall be subrogated to the rights of the injured
employe in so far as may be necessary and may enforce in the name of the
injured employee or of his legal beneficiaries or in its own name and for the joint
use and benefit of said employee or beneficiaries and the association the liability of
said other person . . . . 


Act of Mar. 28, 1917, 35th Leg., R.S., ch. 103, Part II, § 6a, 1917 Tex. Gen. Laws 269, 285,
amended by Act of May 10, 1973, 63d Leg., R.S., ch. 88, § 10, 1973 Tex. Gen. Laws 187, 193
(Tex. Lab. Code Ann. § 417.001(b), since amended) (emphasis added).
7.   Franks argues that Industrial Indemnity had an obligation to seek the maximum amount
of recovery Franks could have had against appellees. Regardless of the validity of Franks's
assertion, the fact that Industrial Indemnity did not plead to recover the maximum amount
remains unchanged.
8.   When a party's capacity to sue is contested, Rule 93 requires a verified plea be filed
anytime the record does not affirmatively show the party's right to bring suit in the capacity in 
which it is suing. Tex. R. Civ. P. 93; Pledger v. Schoellkopf, 762 S.W.2d 145, 146 (Tex. 1988).
9.   In any event, both appellees' motions for summary judgment asserted a basis for
judgment that was not based on a pleading defect--the fact that Industrial Indemnity had no
rights to which it lawfully could be subrogated since the statute of limitations barred Franks's
third-party liability cause of action against appellees.
10.  Industrial Indemnity argues that it has equitable and contractual subrogation rights in
addition to statutory subrogation rights. However, a workers' compensation carrier's right of
subrogation is purely statutory; there is no common law equitable or contractual right for a
workers' compensation carrier to recover against a third-party tortfeasor. Johnson v. Second
Injury Fund, 688 S.W.2d 107, 108 (Tex. 1985) (under Workers' Compensation Act, "subrogation is
entirely a creature of the legislature, and . . . the right does not exist except when clearly mandated by
the legislature"); see also Finch v. Texas Employers' Ins. Ass'n, 535 S.W.2d 201, 203 (Tex. Civ.
App.--Texarkana 1976, writ ref'd n.r.e.) ("[T]here is no equitable right of subrogation as to workmen's
compensation benefits paid by an insurance carrier."). 
11.  Industrial Indemnity argues that a dismissal of one party does not act as a dismissal of
all parties, citing Cox v. Realty Development Corp., 748 S.W.2d 492 (Tex. App.--Dallas 1988,
no writ). However, Cox did not involve a statutory workers' compensation subrogation claim but
apparently an equitable insurance subrogation claim. Id. at 493-94. Moreover, in Cox, the court held
that the insurer's subrogation claim was not wholly derivative of the injured insured's claims. Id. By
comparison, the Texas Supreme Court has held that a statutory workers' compensation claim is entirely
derivative of the injured employee's third-party liability cause of action. Guillot, 838 S.W.2d at 232. 


_">4.   The exact provision of the Workers' Compensation Act applicable at the time of the
hearing on Franks's plea in intervention provided:


If compensation is claimed under this Act by the injured employee or the
employee's legal beneficiaries, the insurance carrier is subrogated to the rights
of the injured employee and may enforce in the name of the injured employee or
the legal beneficiaries the liability of that other person. 


Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1, § 4.05(b), 1989 Tex. Gen. Laws 1, 33 (Tex. Lab.
Code Ann. § 417.001(b), since amended) (emphasis added).
5.   Franks also argues that his plea should relate back because Industrial Indemnity's
original petition involved a plaintiff misnomer. We disagree. Industrial Indemnity
acknowledges that it did not represent Franks, nor did it seek to recover any damages
ultimately recoverable by Franks.
6.   Former art. 8307, § 6a provided: 


[I]f compensation be claimed under this Act by the injured employee or his legal
beneficiaries, then the association shall be subrogated to the rights of the injured
employe in so far as may be necessary and may enforce in the name of the
injured employee or of his legal beneficiaries or in its own name and for the joint
use and benefit of said employee or beneficiaries and the association the liability of
said other person . . . . 


Act of Mar. 28, 1917, 35th Leg., R.S., ch. 103, Part II, § 6a, 1917 Tex. Gen. Laws 269, 285,
amended by Act of May 10, 1973, 63d Leg., R.S., ch. 88, § 10, 1973 Tex. Gen. Laws 187, 193
(Tex. Lab. Code Ann. § 417.001(b), since amended) (emphasis added).
7.   Franks argues that Industrial Indemnity had an obligation to seek the maximum amount
of recovery Franks could have had against appellees. Regardless of the validity of Franks's
assertion, the fact that Industrial Indemnity did not plead to recover the maximum amount
remains unchanged.
8.   When a party's capacity to sue is contested, Rule 93 requires a verified plea be filed
anytime the record does not affirmatively show the party's right to bring suit in the capacity in 
which it is suing. Tex. R. Civ. P. 93; Pledger v. Schoellkopf, 762 S.W.2d 145, 146 (Tex. 1988).
9.   In any event, both appellees' motions for summary judgment asserted a basis for
judgment that was not based on a pleading defect--the fact that Industrial Indemnity had no
rights to which it lawfully could be subrogated since the statute of limitations barred Franks's
third-party liability cause of action against appellees.
10.  Industrial Indemnity argues that it has equitable and contractual subrogation rights in
addition to statutory subrogation rights. However, a workers' compensation carrier's right of
subrogation is purely statutory; there is no common law equitable or contractual right for a
workers' compensation carrier to recover against a third-party tortfeasor. Johnson v. Second
Injury Fund, 688 S.W.2d 107, 108 (Tex. 1985) (under Workers' Compensation Act, "subrogation is
entirely a creature of the legislature, and . . . the right does not exist except when clearly mandated by
the legislature"); see also Finch v. Texas Employers' Ins. Ass'n, 535 S.W.2d 201, 203 (Tex. Civ.
App.--Texarkana 1976, writ ref'd n.r.e.) ("[T]here is no equitable right of subrogation as to workmen's
compensation benefits paid by an insurance carrier."). 
11.  Industrial Indemnity argues that a dismissal of one party does not act as a dismissal of
all parties, citing Cox v. Realty Development Corp., 748 S.W.2d 492 (Tex. App.--Dallas 1988,
no writ). However, Cox did not involve a statutory workers' compensation subrogation claim but
apparently an equitable insurance subrogation claim. Id. at 493-94. Moreover, in Cox, the court held
that the insurer's subrogation claim was not wholly derivative of the injured insured's claims. Id. By
comparison, the Texas Supreme Court has held that a statutory workers' compensation claim is entirely
derivative of the injured employee's third-party liability cause of a