Charlie FRANKS and Industrial
Indemnity Insurance Company,
Petitioners,

v.

SEMATECH, INC. f/d/b/a Semiconductor
Manufacturing Technology Initiative &
Burle Industries, Inc., d/b/a Robot In-
dustries, Inc., Respondent.

No. 95–1151.

Supreme Court of Texas.

Jan. 10, 1997.

Paul E. Knisely, Michael Greenberg, Pete
P. Gallego, J. Mark Holbrook, Austin, for
petitioners.

Harley Clark, Beverly G. Reeves, Alysia
Wightman, Gordon J. McHaney, Timothy Po-
teet, Austin, for respondent.

PER CURIAM.

Does an employee's intervention in a work-
ers' compensation carrier's subrogation ac-
tion against third parties alleged to have
injured the employee relate back to the filing
of the subrogation action so as to escape the
bar of limitations? The lower courts an-
swered no. 938 S.W.2d 462. We disagree.

While working for Daw Technologies, Inc.,
Charlie Franks was struck by a security gate
on the premises of Sematech, Inc. The gate
was manufactured by Burle Industries, Inc.
Daw's compensation carrier, Industrial In-
demnity Insurance Co., paid Franks benefits.
Section 417.001 of the Labor Code provides
in part:

> (a) An employee or legal beneficiary
> may seek damages from a third party who
> is or becomes liable to pay damages for an
> injury or death that is compensable under
> this subtitle and may also pursue a claim
> for workers' compensation benefits under
> this subtitle.

(b) If a benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary. If the recovery is for an amount greater than that paid or assumed by the insurance carrier to the employee or the legal beneficiary, the insurance carrier shall:

(1) reimburse itself and pay the costs from the amount recovered; and

(2) pay the remainder of the amount recovered to the injured employee or the legal beneficiary.[1]

As authorized by this statute, Industrial Indemnity sued Sematech and Burle to recover the amounts it paid to Franks. The suit was filed within two years of the accident and thus not barred by limitations. TEX. CIV. PRAC. & REM.CODE § 16.003(a); *Guillot v. Hix,* 838 S.W.2d 230, 233 (Tex.1992).

Industrial Indemnity sued in its own name rather than Franks' and expressly disavowed any representation of Franks' interests or any recovery beyond the amounts paid Franks in benefits. More than four years after the accident, Franks intervened in Industrial Indemnity's suit to assert his own claims against defendants, essentially adopting Industrial Indemnity's allegations. On defendants' motions, the district court dismissed Franks' intervention as being barred by limitations, and then because Industrial

Indemnity's subrogation claim was derivative of Franks' claim and Franks' claim was barred, the district court dismissed Industrial Indemnity's action. The court of appeals affirmed. 938 S.W.2d 462.

■ There is but one cause of action for an employee's injuries, and it belongs to the employee. *Guillot,* 838 S.W.2d at 232. If the employee claims compensation benefits, the insurance carrier is subrogated to the employee's rights against a third party who caused the injuries. *Id.;* TEX. LAB.CODE § 417.001(b). The carrier can assert its subrogation claim independently of the employee, *id.,* but that claim is still derivative of the employee's claim. *Guillot,* 838 S.W.2d at 232, 235. The carrier can recover damages greater than the benefits it has paid but must remit the difference to the employee. TEX. LAB.CODE § 417.001(b).

■ It follows, then, that a carrier who asserts a subrogation claim asserts a claim that belongs to the employee. This is true irrespective of whether the carrier sues in its own name or the employee's name, or whether the carrier seeks recovery of all damages owed by the third party or disclaims recovery of damages exceeding the benefits it has paid or is obligated to pay. After limitations has run, a carrier who originally limited its demand to benefits paid could amend its pleadings to demand full recovery of all damages owed. TEX. CIV. PRAC. & REM.CODE § 16.068. There is no reason why the employee should not be able to accomplish the

---

1. At all times material to this case, section 417.001's predecessor, article 8308–4.05, TEX. REV.CIV. STAT. ANN. (Vernon Supp.1993) was in effect. That statute provided:

(a) If a third party is or becomes liable to pay damages for an injury or death which is compensable under this Act, the employee or legal beneficiary may seek damages from the third party. An employee or legal beneficiary who seeks damages from a third party remains entitled to pursue a claim for workers' compensation benefits under this Act.

(b) If compensation is claimed under this Act by the injured employee or the employee's legal beneficiaries, the insurance carrier is subrogated to the rights of the injured employee and may enforce in the name of the injured

employee or the legal beneficiaries the liability of that other person. If the recovery is for a sum greater than that paid or assumed by the insurance carrier to the employee or the legal beneficiaries, then, out of the amount recovered, the insurance carrier shall reimburse itself and pay the costs, and the excess recovered shall be paid to the injured employee or the beneficiaries.

Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, 1989 Tex. Gen. Laws 1, 33, *repealed by* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 5(2), 1993 Tex. Gen. Laws. 987, 1273 (nonsubstantive recodification). Inasmuch as there is no difference between the current statute and its predecessor relevant to this case, we cite to the current statute.

same result by intervening in the subrogation action, even after limitations has run, to claim full recovery from the third party. The employee's intervention should relate back to the filing of the subrogation claim, just as the carrier's amendment to its pleadings to seek damages on the employee's behalf would relate back to the original filing.

Our view accords with the only other case to address this issue, *Yeary v. Hinojosa*, 307 S.W.2d 325 (Tex.Civ.App.—Houston 1957, writ ref'd n.r.e.). The court of appeals questioned the authority of *Yeary* because of changes in the statute authorizing subrogation claims. When *Yeary* was decided, the statute provided that the carrier could bring a subrogation action "in the name of the injured employé or of his legal beneficiaries *or in its own name and for the joint use and benefit of said employé or beneficiaries*". Act approved March 28, 1917, 35th Leg., R.S., ch. 103, § 1, 1917 Tex. Gen. Laws 269, 285 (formerly TEX.REV.CIV. STAT. ANN. art. 8307, § 6a (Vernon 1967)) (emphasis added). The court of appeals reasoned that the omission of the phrase, "for the joint use and benefit", from the current law indicates that a subrogation claim for only the subrogee's damages is no longer on the employee's behalf. But this conflicts with our holding in *Guillot* that there is only one claim for an employee's injuries. The rule in *Yeary* has not been altered by amendments to the subrogation statute.

Franks' claim in intervention related back to Industrial Indemnity's original filing and thus was not barred by limitations. Consequently, there was no basis for dismissing either Franks' or Industrial Indemnity's action, and the district court erred in doing so. Accordingly, without hearing oral argument, we reverse the judgment of the court of appeals and remand the case to the district court for further proceedings. TEX.R.APP. P. 170.