**J. Scott SMITH, M.D., Appellant,**

v.

**FINANCIAL INSURANCE COMPANY OF AMERICA, In Receivership, and Texas Property and Casualty Insurance Guaranty Association, Appellees.**

No. 11–06–00271–CV.

Court of Appeals of Texas, Eastland.

May 3, 2007.

Jill C. Pennington, Max E. Wright, Wright & Jackson, P.C., Midland, for appellant.

Mark T. Curry, Mark T. Curry & Associates, Houston, for appellees.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

This is an interlocutory appeal from an order denying a motion to dismiss a health care liability claim for failing to comply

with the filing requirements for an expert report. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 51.014(a)(9), 74.351(a), (b) (Vernon Supp.2006). This appeal presents a question that appears to be one of first impression: May a workers' compensation insurance carrier asserting a subrogation claim in a medical malpractice action rely upon an expert report filed by the injured employee to satisfy the expert report requirements? We hold that the insurance carrier can rely on the injured employee's expert report to comply with the requirements of TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp.2006).

### Background Facts

Yolanda and Francisco Flores, Jr. (plaintiffs) filed a medical malpractice action against appellant, J. Scott Smith, M.D., on May 7, 2004.[1] They asserted that appellant negligently performed spinal surgery on Mr. Flores. In an effort to comply with the expert report requirement of Section 74.351, plaintiffs attached the expert report and curriculum vitae of Ralph F. Rashbaum, M.D. as exhibits to their original petition.

Appellees, Financial Insurance Company of America, in Receivership and Texas Property and Casualty Insurance Guaranty Association, intervened in the malprac-

tice action on April 24, 2006. Appellees asserted that they were subrogated to Mr. Flores's claims as workers' compensation carriers under the authority of TEX. LAB. CODE ANN. § 417.001 (Vernon 2006). Appellees contend that they paid workers' compensation benefits to Mr. Flores for injuries he sustained as a result of the negligence of appellant and the other defendants.

On August 22, 2006, appellant filed a motion to dismiss appellees' claims on the basis that appellees had not filed an expert report within 120 days after filing their original plea in intervention. In response to appellant's motion to dismiss, appellees asserted that, by virtue of their status as subrogation claimants, they were entitled to rely on the expert report filed by plaintiffs to satisfy the expert report requirements.[2] On September 18, 2006, the trial court entered an order denying appellant's motion to dismiss. We affirm.

### Analysis

Section 74.351(a) requires a "claimant" in a health care liability claim to file an expert report not later than the 120th day after the date the original petition was filed. TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(2) (Vernon 2005) defines "[c]laimant" as follows:

---

1. Plaintiffs named other parties as defendants in addition to appellant.

2. The current status of plaintiffs in the underlying proceeding is unclear. The trial court entered an order on February 2, 2006, that permitted their attorney of record to withdraw. The trial court subsequently issued a notice of intent to dismiss the underlying action for want of prosecution pursuant to TEX.R. CIV. P. 165a. The notice stated that the case would be dismissed unless the parties presented good cause for maintaining the case on the docket. Appellees responded to the notice by filing a verified motion to retain the case on the court's docket. Plaintiffs, however, did not appear at the dismissal hearing. After conducting a hearing on the

dismissal matter, the trial court issued a letter ruling wherein it advised the parties that plaintiffs' claims would be dismissed for want of prosecution and that appellees would be permitted to prosecute their subrogation claim in the absence of plaintiffs. The letter concluded with an instruction directing appellees' counsel to submit an order to reflect the court's ruling. The order that the trial court subsequently entered on August 23, 2006, did not expressly state that plaintiffs claims were dismissed for want of prosecution. Instead, the order simply stated that plaintiffs failed to appear at the dismissal hearing. Plaintiffs are not parties to this appeal.

"Claimant" means a person, including a decedent's estate, seeking or who has sought recovery of damages in a health care liability claim. All persons claiming to have sustained damages as the result of the bodily injury or death of a single person are considered a single claimant.

Thus, appellees and plaintiffs are considered to be a single claimant under the statute because appellees' subrogation claim arises from the bodily injury sustained by Mr. Flores. Given their collective status as a single claimant, we conclude that appellees may rely upon plaintiffs' timely filing of an expert report to satisfy the requirements of Section 74.351.

This construction is consistent with the principles that govern workers' compensation claims. There is only one cause of action for an employee's injuries, and it belongs to the employee. *Franks v. Sematech, Inc.*, 936 S.W.2d 959, 960 (Tex.1997). The carrier's subrogation claim is derivative of the injured employee's claim. *Id.* Since appellees' subrogation claim is derivative of plaintiffs' claim, plaintiffs' compliance with the expert report requirements extends to appellees' subrogation claim. The Texas Supreme Court has recognized this principle in the workers' compensation subrogation context by holding that the pleadings of the injured employee and the insurance carrier relate back to each other for limitations purposes. *See Franks*, 936 S.W.2d at 960–61.

### This Court's Ruling

The trial court's order denying appellant's motion to dismiss under Section 74.351(b) is affirmed.