Opinion filed May 3, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed May 3, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00271-CV 

                                                     __________

 

                                   J.
SCOTT SMITH, M.D., Appellant

 

                                                             V.

 

FINANCIAL INSURANCE COMPANY OF AMERICA, IN RECEIVERSHIP, AND TEXAS PROPERTY AND 

CASUALTY INSURANCE GUARANTY ASSOCIATION, Appellees  

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland County, Texas

 

                                                Trial
Court Cause No. CV-44,614

 



 

                                                                   O
P I N I O N

 








This is an interlocutory appeal from an order
denying a motion to dismiss a health care liability claim for failing to comply
with the filing requirements for an expert report.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 51.014(a)(9), 74.351(a), (b) (Vernon Supp. 2006).  This appeal presents a question that appears
to be one of first impression: May a workers=
compensation insurance carrier asserting a subrogation claim in a medical
malpractice action rely upon an expert report filed by the injured employee to
satisfy the expert report requirements? 
We hold that the insurance carrier can rely on the injured employee=s 
expert report to comply with the requirements of Tex. Civ. Prac. & Rem. Code Ann. '
74.351 (Vernon
Supp. 2006).

                                                               Background
Facts               

Yolanda and Francisco Flores, Jr. (plaintiffs)
filed a medical malpractice action against appellant, J. Scott Smith, M.D., on
May 7, 2004.[1]  They asserted that appellant negligently
performed spinal surgery on Mr. Flores. 
In an effort to comply with the expert report requirement of Section
74.351, plaintiffs attached the expert report and curriculum vitae of Ralph F.
Rashbaum, M.D. as exhibits to their original petition.

Appellees, Financial Insurance Company of America, in
Receivership and Texas Property and Casualty Insurance Guaranty Association,
intervened in the malpractice action on April 24, 2006.  Appellees asserted that they were subrogated
to Mr. Flores=s claims
as workers=
compensation carriers under the authority of Tex.
Lab. Code Ann. '
417.001 (Vernon 2006).  Appellees contend
that they paid workers=
compensation benefits to Mr. Flores for injuries he sustained as a result of
the negligence of appellant and the other defendants.

On August 22, 2006, appellant filed a motion to
dismiss appellees= claims
on the basis that appellees had not filed an expert report within 120 days
after filing their original plea in intervention.  In response to appellant=s motion to dismiss, appellees asserted
that, by virtue of their status as subrogation claimants, they were entitled to
rely on the expert report filed by plaintiffs to satisfy the expert report
requirements.[2]  On September 18, 2006, the trial court
entered an order denying appellant=s
motion to dismiss.  We affirm.








                                                                        Analysis

Section 74.351(a) requires a Aclaimant@
in a health care liability claim to file an expert report not later than the
120th day after the date the original petition was filed.  Tex.
Civ. Prac. & Rem. Code Ann. ' 74.001(a)(2) (Vernon 2005) defines
A[c]laimant@
as follows:

AClaimant@ means a person, including a decedent=s estate, seeking or who has sought
recovery of damages in a health care liability claim.  All persons claiming to have sustained
damages as the result of the bodily injury or death of a single person are
considered a single claimant.  

 

Thus, appellees and plaintiffs are considered to be a single
claimant under the statute because appellees=
subrogation claim arises from the bodily injury sustained by Mr. Flores.  Given their collective status as a single
claimant, we conclude that appellees may rely upon plaintiffs= timely filing of an expert report to
satisfy the requirements of Section 74.351. 


This construction is consistent with the
principles that govern workers=
compensation claims.  There is only one
cause of action for an employee=s
injuries, and it belongs to the employee.  Franks v. Sematech, Inc., 936 S.W.2d 959,
960 (Tex.
1997).  The carrier=s subrogation claim is derivative of
the injured employee=s
claim.  Id. 
Since appellees=
subrogation claim is derivative of plaintiffs=
claim, plaintiffs=
compliance with the expert report requirements extends to appellees= subrogation claim.  The Texas Supreme Court has recognized this
principle in the workers=
compensation subrogation context by holding that the pleadings of the injured
employee and the insurance carrier relate back to each other for limitations
purposes.  See Franks, 936 S.W.2d
at 960-61.

                                                               This
Court=s Ruling

The trial court=s
order denying appellant=s
motion to dismiss under Section 74.351(b) is affirmed.

 

TERRY McCALL

JUSTICE

May 3, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Plaintiffs named other parties as defendants in
addition to appellant. 





[2]The current status of plaintiffs in the underlying proceeding
is unclear.  The trial court entered an
order on February 2, 2006, that permitted their attorney of record to
withdraw.  The trial court subsequently
issued a notice of intent to dismiss the underlying action for want of
prosecution pursuant to Tex. R. Civ. P. 165a.  The notice stated that the case would be
dismissed unless the parties presented good cause for maintaining the case on
the docket.  Appellees responded to the
notice by filing a verified motion to retain the case on the court=s docket. 
Plaintiffs, however, did not appear at the dismissal hearing.  After conducting a hearing on the dismissal
matter, the trial court issued a letter ruling wherein it advised the parties
that plaintiffs= claims would be dismissed for want of prosecution and
that appellees would be permitted to prosecute their subrogation claim in the
absence of plaintiffs.  The letter
concluded with an instruction directing appellees= counsel
to submit an order to reflect the court=s
ruling.  The order that the trial court
subsequently entered on August 23, 2006, did not expressly state that
plaintiffs claims were dismissed for want of prosecution.  Instead, the order simply stated that
plaintiffs failed to appear at the dismissal hearing.  Plaintiffs are not parties to this appeal.