**Affirmed and Opinion filed August 23, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00946-CV

## JESUS REYES, Appellant

## V.

## JOAQUIN GUANDIQUE AND PAUL TRANSPORTATION, INC., Appellees

### On Appeal from the 270th District Court
### Harris County, Texas
### Trial Court Cause No. 2014-04124

# O P I N I O N

In this vehicular-accident case, one driver timely filed suit against another and that driver's employer seeking to recover personal-injury damages allegedly sustained as a result of the defendants' alleged negligence. The plaintiff's son, a passenger in the vehicle the plaintiff was driving, intervened after the statute of limitations had run, seeking to recover personal-injury damages he allegedly sustained as a result of the defendants' alleged negligence. The trial court granted the defendants' summary-judgment motion against the intervenor based on the

statute of limitations. On appeal, the intervenor asserts that the statute of limitations does not apply to claims asserted by an intervenor and that, even if the statute applied, courts should treat the intervenor's claims as having been filed when the plaintiff filed suit. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While driving a vehicle on April 12, 2012, Hilario Cortez collided with a vehicle driven by appellee/defendant Joaquin Guandique while Guandique allegedly was in the course and scope of his employment with appellee/defendant Paul Transportation, Inc. Cortez's son, appellant/intervenor Jesus Reyes, was a passenger in the vehicle Cortez was driving at the time of the collision.

Cortez filed suit against Guandique and Paul Transportation, Inc. (collectively the "Paul Parties") on January 29, 2014, seeking to recover personal-injury damages he allegedly suffered as a result of the defendants' alleged negligence. Cortez did not purport to assert any claim belonging to Reyes or based on personal-injury damages to Reyes.

Nearly twenty months later, on August 21, 2015, Reyes filed a petition in intervention against the Paul Parties seeking to recover personal-injury damages Reyes allegedly sustained as a result of the Paul Parties' alleged negligence. Reyes did not purport to assert any claim belonging to Cortez or based on personal-injury damages to Cortez.

The Paul Parties filed a motion for traditional summary judgment on the ground that the two-year statute of limitations in section 16.003(a) of the Texas Civil Practice and Remedies Code barred Reyes's negligence claims against the Paul Parties.

2

Reyes opposed the summary-judgment motion asserting that (1) as a matter of law no statute of limitations applies to claims asserted in an intervention; (2) a party may intervene in a lawsuit at any time, and there is no deadline for filing an intervention; (3) Reyes had a right to intervene in this lawsuit because he had a justiciable interest in the suit filed by Cortez; (4) Reyes's intervention was timely, and the Paul Parties did not show that the intervention would cause unnecessary delay or prejudice the parties; and (5) because Cortez filed this suit within the applicable limitations period, the main purpose of the statute of limitations—to allow defendants to be aware of and investigate the incident in question—was satisfied.

The trial court granted the Paul Parties' summary-judgment motion and the trial court's order later became final when the trial court granted Cortez's motion to dismiss with prejudice his claims against the Paul Parties.

## II. Issues and Analysis

In two appellate issues, Reyes asserts that he has a justiciable interest in Cortez's lawsuit and that the trial court erred in granting summary judgment because the statute of limitations does not bar Reyes's negligence claims.

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.

3

*Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

### A. As a matter of law, does no statute of limitations apply to claims asserted in an intervention?

Reyes asserts that a party may intervene in a lawsuit at any time. According to Reyes, the law imposes no deadline for filing an intervention. Reyes also asserts that as a matter of law, the statute of limitations does not apply to claims asserted in an intervention. Reyes has not cited and research has not revealed any Texas case holding that as a matter of law the statute of limitations does not apply to claims asserted in an intervention. Though a trial court may strike an intervention as untimely under an analysis not tied to the statute of limitations, the trial court in today's case did not strike Reyes's intervention, and the court's ability to strike an intervention as untimely does not mandate the conclusion that no statute of limitations applies to claims asserted in an intervention.[1] *See Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 873–74 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Reyes cites the *Ledbetter* case for the proposition that "[t]here is no deadline for intervention in the Texas Rules of Civil Procedure." *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008). But the absence of a deadline for intervention in the rules of civil procedure does not mean that claims asserted in an intervention escape the application of any statute of limitations. *See id.* Indeed,

---

[1] The Paul Parties moved to strike Reyes's intervention, but the trial court granted the Paul Parties' summary-judgment motion without ruling on the Paul Parties' motion to strike.

the Supreme Court of Texas has held as a matter of law that the applicable statute of limitations barred various claims asserted in two interventions. *See Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 201–16 (Tex. 2011). The high court also has applied a statute of limitations to claims asserted in intervention but found that the statute of limitations did not bar the claims because they related back to the filing of the lawsuit. *See Franks v. Sematech, Inc.*, 936 S.W.2d 959, 959–60 (Tex. 1997) (per curiam). Even if, as Reyes asserts, a party may intervene in a lawsuit at any time, the trial court still may strike the intervention for a proper reason or grant summary judgment dismissing the claims asserted in the intervention because the statute of limitations bars the claims. *See Emerald Oil & Gas Co., L.C.*, 348 S.W.3d at 201–16; *Texas Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 247, 255–56 (Tex. 2002). A statute of limitations does apply to claims asserted in an intervention. *See Emerald Oil & Gas Co., L.C.*, 348 S.W.3d at 201–16; *Franks*, 936 S.W.2d at 959–60. The Paul Parties correctly asserted that the two-year statute of limitations in section 16.003(a) of the Texas Civil Practice and Remedies Code applies to the claims asserted by Reyes in his intervention, and Reyes does not assert that a different statute of limitations would apply. *See* Tex. Civ. Prac. & Rem. Code Ann § 16.003(a) (West, Westlaw through 2017 1st C.S.).

**B.     May this court reverse the summary judgment on the ground that Cortez and Reyes claim an interest in a single claim against each of the Paul Parties?**

When two people claim an interest in a single claim, and one of them timely files suit, the other's intervention in the suit outside the limitations period to protect that claimant's interest relates back to the timely filed suit and is not barred by limitations. *See Franks*, 936 S.W.2d at 960–61; *Antonov v. Walters*, 168 S.W.3d 901, 907 (Tex. App.—Fort Worth 2005, pet. denied). On appeal, Reyes appears to assert that the claims he asserted in the intervention related back to

Cortez's filing of the lawsuit because Cortez and Reyes claim an interest in a single claim against each of the Paul Parties. Reyes did not raise this argument in his summary-judgment response, so we cannot reverse the trial court's summary judgment on this basis. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Lopez v. Exxon Mobil Dev. Co.*, No. 14-16-00826-CV, 2017 WL 4018359, at *13 (Tex. App.—Houston [14th Dist.] Sept. 12, 2017, pet. denied) (mem. op.).

Even if Reyes had raised this argument in his summary-judgment response, the same result would follow because the record shows that Cortez and Reyes did not claim an interest in a single claim against each of the Paul Parties. Instead, Cortez asserted claims based on Cortez's personal injuries, without purporting to assert any claim based on personal injury to Reyes, and Reyes asserted claims in his intervention based on Reyes's personal injuries, without purporting to assert any claim based on personal injury to Cortez. Though these alleged personal injuries purportedly resulted from the same vehicular accident and though Cortez and Reyes were in the same vehicle, none of these alleged facts would give Cortez a right to assert Reyes's personal-injury claims or give Reyes a right to assert Cortez's personal-injury claims. *Cf. Franks*, 936 S.W.2d at 960–61 (holding that a workers-compensation carrier asserting a subrogation claim asserts a claim belonging to the employee).

**C. May this court reverse the summary judgment on the ground that Reyes's intervention is a new suit that is different from the claim originally pled but is neither based upon nor grows out of a new or different occurrence?**

On appeal, Reyes appears to assert that the statute of limitations does not bar his claims because Reyes's intervention is a new suit that is different from the claim originally pled but is not based upon or an outgrowth of a new, distinct, or

6

different transaction or occurrence. Reyes did not raise this argument in his summary-judgment response, so we cannot reverse the trial court's summary judgment on this basis.[2] *See Clear Creek Basin Auth.*, 589 S.W.2d at 678; *Lopez,* 2017 WL 4018359, at \*13.

**D. May this court reverse the summary judgment on the ground that Reyes's intervention in Cortez's suit outside the limitations period related back to the date Cortez filed his claims because Reyes has a justiciable interest in Cortez's lawsuit?**

On appeal, Reyes appears to assert that the statute of limitations does not bar his claims because his intervention in Cortez's suit outside the limitations period related back to the date Cortez filed his claims because Reyes has a justiciable interest in Cortez's lawsuit. Reyes did not raise this argument in his summary-judgment response, so we cannot reverse the trial court's summary judgment on this basis.[3] *See Clear Creek Basin Auth.*, 589 S.W.2d at 678; *Lopez*, 2017 WL 4018359, at \*13.

**E. Did the trial court err in granting summary judgment because the facts of this case allegedly would make it an abuse of discretion to strike Reyes's intervention?**

Reyes argues that the trial court erred in granting summary judgment because his intervention has certain characteristics that allegedly would make it an abuse of discretion for the trial court to have stricken Reyes's intervention. But, the trial court did not strike Reyes's intervention, and Reyes does not cite any cases holding that a trial court errs in granting a summary judgment based on the statute of limitations if the intervention has these characteristics. Reyes has not shown by

---

[2] Even if Reyes had raised this argument in his summary-judgment response, we still would conclude that it lacks merit.

[3] Even if Reyes had raised this argument in his summary-judgment response, we still would conclude that it lacks merit.

this argument that the trial court erred.

### III. CONCLUSION

Even if, as Reyes asserts, a party may intervene in a lawsuit at any time, the trial court still may strike the intervention for a proper reason or grant summary judgment dismissing the claims asserted in the intervention because the statute of limitations bars the claims. The two-year statute of limitations in section 16.003(a) of the Texas Civil Practice and Remedies Code applies to the claims asserted by Reyes in his intervention. Though in parts of his briefing Reyes effectively argues that it would have been an abuse of discretion for the trial court to have stricken his intervention, the trial court did not strike his intervention, so we do not review such a ruling in today's case. The trial court granted summary judgment based on the statute of limitations, and denied the relief Reyes requested in his claims. Reyes has not shown that the trial court erred in doing so. Thus, we overrule Reyes's two issues and affirm the trial court's judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jewell.

8