**REVERSE and REMAND in part; AFFIRMED in part; and Opinion Filed December 29, 2020**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-19-00031-CV**

**YOUNG YOO, IRVING SUPERMART, L.L.C. AND ACACIA LAS LOMAS, L.L.C., Appellants**

**V.**

**A-1 MARKETING, INC., Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-05632**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Browning
Opinion by Chief Justice Burns

Appellants Irving Supermart, LLC and Acacia Las Lomas, LLC appeal a jury

verdict rendered against them[1] in this dispute between them as the successive owners

of one commercial condominium unit, and the owner of the second unit.   We affirm,

---

[1] Supermart and Acacia filed a joint notice of appeal.  No relief was awarded against Acacia, however, and none of the issues raised in appellants' joint brief address any error regarding Acacia or any relief it requested and was denied.  Accordingly, we confine our review to Supermart's complaints.

except with respect to the attorney's fees award, which we reverse and remand for further proceedings.

Pursuant to a Declaration recorded with the Dallas County Clerk in 2009, A-1 Marketing, Inc. and Irving Supermart, LLC designated a certain premises as a condominium, comprised of two units. A-1 owned the upstairs unit; Supermart owned the downstairs unit. These entities also formed One and Two Condominium Owners' Association to manage the condominiums, and are Association's sole members, although two persons associated with each unit comprise Association's four member board of directors.

Association filed suit against Supermart and Acacia,[2] to whom Supermart deeded its condominium in March 2016, asserting they had failed to pay their share of the Condominium's utility and repair expenses, and that Acacia had shut off the water to A-1's unit during a high business-volume weekend. After Supermart challenged Association's authority to file the lawsuit without a vote from Association's Board, A-1 intervened. Following the usual pre-trial proceedings, a jury determined Supermart had failed to comply with the Declaration by failing to pay its share of expenses and awarded damages and attorney's fees to A-1. The jury also determined Acacia disconnected the water to A-1's unit, although it was not asked to award any damages for Acacia's conduct. After trial, despite Supermart's

---

[2] Other persons not relevant to this appeal were also sued.

–2–

opposition to A-1's motion for entry of judgment and request for JNOV, the trial court entered judgment on the verdict, which it subsequently amended to correct various errors unrelated to the jury's verdict.

In five issues, Supermart contends the trial court erred in entering the Judgment and denying its motion for JNOV because 1) no evidence established any contractual obligation between it and A-1; 2) A-1 committed a prior material breach and failed to perform conditions precedent necessary to give rise to any payment obligation owed by Supermart; 3) A-1's breach claim[3] regarding failure to pay the expenses was barred in part by limitations; 4) attorney's fees are not recoverable if this Court reverses liability regarding A-1's contract claim; and 5) failure to segregate attorney's fees between its claims against Supermart and Acacia barred A-1's attorney's fee recovery.

## A. No error premised on entering Judgment on the jury's liability determination

The first question submitted to the jury asked if A-1 or Supermart "failed to comply with the Declaration relating to payment of common elements." The jury answered "yes" as to Supermart, and "no" as to A-1. In its first issue, Supermart contends the Declaration lacked any obligation requiring one owner to pay expenses to the other, and thus legally insufficient evidence supported the existence of the

---

[3] A-1's pleadings requested declaratory relief, including a determination that pursuant to the Declaration, Supermart was liable to A-1 for failing to pay Supermart's share of the Expenses. The question submitted to the jury tracked the pattern charge for a breach of contract claim, and the parties reference the claim as one for breach. We accordingly do the same.

contractual obligation the jury determined Supermart breached. In its second issue, Supermart alleges the absence of an assessment by Association's board as a condition precedent to Supermart's liability and A-1's prior material breach evidence error in the trial court's entry of the Judgment premised on the jury's liability finding.

The Declaration, which was admitted into evidence at trial and discussed at length by the witnesses, defined the respective proportionate share of expenses owed by each owner in the event separating the electric meters was not economically feasible.[4] Additionally, the Declaration expressly authorized owners to sue one another for a breach.

> The Owners and the Association shall comply strictly with the provisions of this Declaration, the Bylaws of the Association, and the decisions and resolutions of the Association adopted pursuant thereto, as the same may be amended from time to time. **Failure to comply with any of the same shall be grounds for an action to recover damages or for injunctive relief, or both, maintainable by the Association on behalf of the Owners or, in proper cause, by an aggrieved Owner against another Owner** or against the Association, including the right to judicially contest the decisions of the Board or the Association.

The Declaration also provided the condominiums were subject to the Texas Uniform Condominium Act, which in turn provided that "[u]ntil an association makes a common expense assessment, a declarant shall pay all

---

[4] Both sides admitted separate meters was prohibitively expensive.

expenses of the condominium as the expenses accrue." TEX. PROP. CODE § 82.112 (the Condominium Act).

A-1's witness testified that it was his understanding that the expenses were "Common Expenses" as defined by the Declaration, and that pursuant to the Declaration, each unit owner was obligated to pay its share of the expenses, which Supermart failed to do.

### 1. Standard of review

As the party challenging the legal sufficiency of the evidence on an issue on which it did not have the burden of proof, Supermart must demonstrate no evidence supports the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). We consider the evidence in the light most favorable to the verdict, "credit favorable evidence if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 808 (Tex. 2005). If more than a scintilla of evidence supports the finding, the no evidence challenge fails. *United Services Auto. Ass'n v. Croft*, 175 S.W.3d 457, 463 (Tex. App.—Dallas 2005, no pet.).

### 2. Legally sufficient evidence supported the jury's determination that Supermart breached the Declaration

A condominium as a form of property ownership arises upon recording in the real property records a declaration which includes certain information. *Plano Parkway Office Condominiums v. Bever Properties, LLC*, 246 S.W.3d 188, 192 (Tex. App.—Dallas 2007, pet. denied); TEX. PROP. CODE § 81.002(5). By accepting

a condominium deed, a unit owner accepts the terms, conditions, and restrictions in the declaration, which in turn are contractual terms governing the relationship between the association and unit owners. *Bundren v. Holly Oaks Townhomes Ass'n, Inc.*, 347 S.W.3d 421, 435 (Tex. App.—Dallas 2011, pet. denied.) ("The [condominium] declaration forms a contract between the homeowners association and the condominium unit owners."); *Allan v. Nersesova*, 307 S.W.3d 564, 570 (Tex. App.—Dallas 2010, no pet.).

The Declaration provides legally sufficient evidence to support the jury's verdict with respect to Supermart's duty, because it created a payment obligation independent of assessment by defining common expenses each party agreed to pay and incorporating the Condominium Act which obligated each party to pay those expenses absent an assessment. *See Lowry v. Tarbox*, 537 S.W.3d 599, 607 (Tex. App.—San Antonio 2017, pet. denied) (overruling legal sufficiency challenge premised on existence of contract, where written contract was admitted into evidence and parties testified as to their understanding of it), and *cf. Cadle Co. v. Castle*, 913 S.W.2d 627, 634 (Tex. App.—Dallas 1995, writ denied) (sustaining no evidence challenge to judgment enforcing written contract, where contract was not admitted into evidence). Indeed, Supermart's argument that the Declaration created a duty for it to pay expenses only to the Association implicitly admits its obligation to pay expenses. Its arguments simply ignore the additional provisions of the Declaration and the Condominium Act which enliven that duty even absent an assessment. And

–6–

as with the obligation, the Declaration itself also demonstrates A-1's entitlement to recover damages—here the unpaid expenses—from Supermart for any breach of the obligations created by the Declaration. Supermart's first issue lacks merit and we overrule it.

### 3. A-1 did not fail to perform a condition precedent or breach the Declaration

Appellants' second issue contends Association failed to convene a board meeting; only Association's Board could issue an "assessment" creating Supermart's obligation to pay expenses; and absent evidence of such an assessment, A-1's breach of contract claim fails as a matter of law. Supermart asserts A-1's omissions establish a prior material breach by A-1. Alternatively, Supermart frames this argument as A-1's purported failure to satisfy conditions precedent. These specious arguments do not persuade.

First, the Declaration allows A-1 as an owner to sue for Supermart's breach, without conditioning that right on any action or omission by Association's board.[5] Supermart makes conclusory arguments premised on the Declaration's provisions which address board meetings, notice, and assessments. It fails to demonstrate, however, that any of those provisions obligate A-1 to undertake those activities, or

---

[5] We observe the Declaration allows an aggrieved owner to sue another owner, "in proper cause." Supermart fails to raise any argument regarding the import of that qualifier, and thus we need not consider whether it has any relevance to Supermart's contention. We nonetheless observe A-1's evidence demonstrating the board was comprised of four members who split evenly and could not agree on assessments or anything else.

–7–

that Association's obligation to undertake them are conditions precedent to A-1's right to recover for Supermart's failure to pay its share of Expenses. *See Carrington v. Carrington*, No. 10-11-00146-CV, 2011 WL 4837863, at \*6 (Tex. App.—Waco Oct. 12, 2011, no pet.) (mem. op.) (sufficient evidence supported claim for breach premised on contract which did not predicate duty on unperformed contingency). Instead, as A-1 argues, nothing in the Declaration requires an assessment as a predicate to Supermart's responsibility to pay its share of expenses. Instead, the Declaration expressly forecloses Supermart's argument by stipulating that "[t]he omission or failure of the board to fix the assessment for any month shall not be deemed a waiver, modification or release of the owners from the obligation to pay [the expenses]." Finally, even if for the sake of argument, Association was obligated to convene a board meeting and make a common expense assessment, we see no possibility that its failure to do so would qualify as a prior material breach by A-1. On the contrary, no evidence suggests any breach by A-1, let alone a prior material breach. *See Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 199 (Tex. 2004) (listing factors considered in determining whether prior breach is material, and additional factors considered in determining whether prior breach excused complaining party's subsequent performance). We overrule Supermart's second issue.

**B.     The trial court correctly denied Supermart's motion for JNOV**

In its third issue, Supermart complains the trial court erred in entering judgment because it contends limitations barred A-1's recovery for expenses due more than four years before the file date of A-1's Plea in Intervention. In response, A-1 asserts Supermart's failure to request a jury question or instruction regarding limitations or accrual waived this argument. A-1 also contends its claims relate back to Association's original petition, and thus none of the damages awarded by the jury were beyond the limitations period. We agree with A-1.

Association filed its Original Petition on May 10, 2016, alleging that between 2011 and 2015, Acacia and Supermart failed to pay expenses totaling $56,471.96.[6] A-1 challenged Association as lacking board authority to file suit, which in turn depended on an unachievable quorum given the deadlock between the four-member board. A-1 intervened on June 22, 2017, and in subsequent amended petitions alleged it's standing pursuant to the Declaration to file suit and seek damages.

Supermart failed to request a question regarding any aspect of limitations, including when A-1's claims accrued. Accordingly, unless the evidence conclusively established all elements of the defense, Supermart waived it. *See Prestige Ford Garland Ltd. P'shp v. Morales*, 336 S.W.3d 833, 839 (Tex. App.— Dallas 2011, no pet.). Supermart argues the dates on which A-1 paid the invoices demonstrate the date of accrual for A-1's breach of contract claim. But these dates

---

[6] Association's petitions itemized the unpaid balances for water, electric, and gas bills.

do not evidence the date of Supermart's breach, which is the date on which a breach of contract claim generally accrues. *Anderson v. Cocheau*, 176 S.W.3d 685, 690 (Tex. App.—Dallas 2005, pet. denied). Supermart does not inform us when these bills were presented to it—before or after A-1 paid them—or when Supermart refused to pay them. We decline to scour the record to determine whether such evidence was admitted at trial, and thus conclude Supermart failed to demonstrate the date of breach, *see Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App. — Houston [14th Dist.] 2006, pet. denied), and likewise failed to demonstrate entitlement to JNOV.

Even if waiver had not occurred, we would reach the same conclusion. Pleadings which "relate to" timely and previously asserted causes of action are deemed filed, for limitations purposes, on the same date as the previously asserted claims unless the amendment relies on wholly "new, distinct, or different" transactions. TEX. CIV. PRAC. & REM. CODE § 16.068; *Chien v. Chen*, 759 S.W.2d 484, 493 (Tex. App.—Austin 1988, no writ). For purposes of this rule, a 'transaction' means "a set of facts that gives rise to the cause of action premised thereon." *Brewster v. Columbia Med. Ctr. of McKinney Subsidiary, L.P.*, 269 S.W.3d 314, 317–18 (Tex. App.—Dallas 2008, no pet.). By extrapolation, the same principles apply to a claim asserted by a plea in intervention. "When two people claim an interest in a single claim, and one of them timely files suit, the other's intervention in the suit outside the limitations period to protect that claimant's

–10–

interest relates back to the timely filed suit and is not barred by limitations." *Reyes v. Guandique*, 558 S.W.3d 330, 333 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Franks v. Sematech, Inc.*, 936 S.W.2d 959, 961 (Tex. 1997).

A brief comparison of A-1 and Association's pleadings defeats Supermart's bald conclusion that A-1 and Association are "not claiming an interest in a single claim against Supermart."[7] Association's Second Amended Petition attached the Declaration, explained the basis for its standing and the import of the obligations created by it, and alleged that beginning in 2011, Supermart, and later its successor Acacia, had failed to pay specific amounts owed for itemized expenses, which Association sought to recover. Likewise, A-1 described and referenced the Declaration, itemized the amounts it had paid for the same Expenses, which it also sought to recover from Supermart. A-1's claim arises from the same transactions at issue in Association's pleadings and thus relates back to the date on which Association first asserted the same claim. *See Chien*, 759 S.W.2d at 493 ("It is obvious to us, from a comparison of Tomas's original petition and his subsequent amended petitions, that the same evidence would support all of the causes of action

---

[7] In support of this argument Supermart references notice in A-1's Second Amended Plea in Intervention that before Association filed the suit, A-1 had assigned to Association its claims for Supermart's share of the expenses. Of course if Association and A-1 each held independent claims premised on different transactions they would not require an assignment to assert them. *See Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 420 (Tex. 2000) ("An assignee stands in the shoes of the assignor and may assert those rights that the assignor could assert, including bringing suit"). We presume and Supermart does not argue otherwise, that A-1 reversed the assignment so as to reacquire standing to assert the claims.

alleged, the measure of damages would be the same, and the allegations would be subject to the same defenses."). Moreover, that Association's and A-1's claims are comprised of recurring instances of default by Supermart has no bearing, because the same recurring instances of default, for the same expenses, are at issue regardless of whether Association or A-1 asserted the claim. *Compare*, *Seim v. Allstate Tex. Lloyds*, No. 02-16-00050-CV, 2019 WL 3493814, at \*7 (Tex. App.—Fort Worth July 30, 2019, pet. denied) (mem. op.) (no relation-back for claims premised on 2013 storm, where initial timely claims rested on 2007, 2008, and 2012 storms); *see also Allied Chem. Co. v. DeHaven*, 824 S.W.2d 257, 264–65 (Tex. App.—Houston [14th Dist.] 1992, no writ). We overrule Supermart's third issue. Our disposition of its first three issues renders Supermart's fourth issue, which complains attorney's fees were not recoverable if A-1 did not prevail on its contract claim against Supermart, moot.[8] Accordingly, we also overrule Supermart's fourth issue.

## C.    Segregation

We review de novo the obligation to segregate fees, although the extent to which claims can be segregated may pose a mixed question of law and fact, subject to a less rigorous standard. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006) ("how hard something was to discover and prove, how strongly

---

[8] A-1 complains Supermart waived its fourth issue by inadequately briefing it, and we observe Supermart did not respond to any of A-1's arguments regarding Supermart's fourth issue. We need not determine whether the issue was waived, however, because the issue addresses only whether A-1 was a prevailing party as to Supermart, and we have determined it was.

–12–

it supported particular inferences or conclusions, how much difference it might make to the verdict, and a host of other details that include judgment and credibility questions about who had to do what and what it was worth" may render extent to which certain claims are subject to segregation a mixed question of law and fact). A party seeking to recover attorney's fees must demonstrate that the fees were reasonable and necessary, a burden which includes showing that the fees were incurred with respect to a claim that provides for the recovery of fees. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–11 (Tex. 1991). "A recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Emerson Elec. Co. v. Am. Permanent Ware Co.*, 201 S.W.3d 301, 316 (Tex. App.— Dallas 2006, no pet.).

A-1 contends Supermart waived any complaint about segregation. Although it did not object to admission of A-1's attorney's fees evidence when it was introduced, during the charge conference Acacia and Supermart objected that A-1 had not segregated its fees as to the claims between them. This objection was timely and sufficiently specific to preserve Supermart's objection.[9] *Holmes v. Concord*

---

[9] We observe that with respect to segregation, Supermart's opening brief complained only that fees incurred "against Acacia" were included in the fees sought by A-1. We accordingly limit our review to this issue and decline to expand the inquiry to the additional complaints regarding paralegal fees, expenses, etc., Supermart discusses for the first time in its reply brief. *See Douglas v. City of Kemp*, No. 05-14-00475-CV, 2015 WL 3561621, at *4 (Tex. App.—Dallas June 9, 2015, no pet.) (mem. op.) ("Pointing out the

*Homes, Ltd.*, 115 S.W.3d 310, 313 (Tex. App.—Texarkana 2003, no pet.) (Test for preservation regarding charge error "'is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling.'") (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992)).

A-1's attorney testified the fees incurred were not segregated as between Acacia and Supermart, but did not offer any testimony or other evidence regarding how or why the claims between those two parties were inexplicably intertwined, or why the fees could not be separated. Instead, A-1's attorney testified that its fees were reasonable, because of the large number of affirmative defenses asserted by both Supermart and Acacia, which were the same for both, and because Supermart and Acacia jointly filed summary judgment motions regarding which A-1 had to prevail.

We have no quarrel with A-1's recovery of its fees to defeat "any and all affirmative defenses," if asserted by both Acacia and Supermart, the joint motions for summary judgment filed by Acacia and Supermart, or any counterclaims asserted by Acacia if the identical claim was also asserted by Supermart, since that work easily falls within an exception to the requirement of segregation. *Tony Gullo Motors I, L.P.*, 212 S.W.3d at 314; *Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007) (per curiam) (work to defeat counterclaims premised on the same transaction

---

*absence* of an appellant's argument does not raise the argument or entitle appellant to assert that argument for the first time in his reply brief.").

at issue in the claim which supported fees and by which defendants sought to reduce recoverable amount on claim for which fees were recoverable, required no segregation). A-1, however, offered absolutely no evidence that its own claim against Supermart for collection of the unpaid expenses was inextricably intertwined with its claim against Acacia for turning off the water. It offered no evidence that the fees incurred in pursuing its claim against Supermart could not be segregated from the fees related to its claim against Acacia. We thus have no evidence from which to even infer that the jury determined any disputed fact issue regarding A-1's inability to segregate or the need to do so in its favor.

Undoubtedly a significant amount of overlap exists that would justify not segregating most of the fees, but the claims against Supermart and Acacia appear intertwined only to the extent that both rested in some measure on the obligations created by the Declaration. Supermart's liability for failing to pay the expenses rests on entirely different conduct from the actions which gave rise to Acacia's liability. *See Tony Gullo Motors I, L.P.*, 212 S.W.3d at 312–13. We accordingly sustain Supermart's fifth issue and remand for further proceedings to determine A-1's entitlement to fees incurred with respect to its claim against Supermart.

In all other regards, we affirm.

<u>/Robert D. Burns, III/</u>
ROBERT D. BURNS, III
CHIEF JUSTICE

190031F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

YOUNG YOO, IRVING
SUPERMART, L.L.C. AND
ACACIA LAS LOMAS, L.L.C.,
Appellants

No. 05-19-00031-CV          V.

A-1 MARKETING, INC., Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-16-05632.
Opinion delivered by Chief Justice
Burns. Justices Molberg and
Browning participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding A-1 Marketing, Inc. its attorney's fees. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion regarding A-1 Marketing, Inc.'s entitlement to recover attorney's fees from Irving Supermart, LLC.

It is **ORDERED** that appellee A-1 MARKETING, INC. recover its costs of this appeal from appellants YOUNG YOO, IRVING SUPERMART, L.L.C. AND ACACIA LAS LOMAS, L.L.C.

Judgment entered December 29, 2020.